JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Larsenyer Green

**(b)** County of Residence of First Listed Plaintiff   Lancaster PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law LLC, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Ave Morton PA 19107; 610-690-0801
Mildenberg Law, 1735 Market Street Ste 3750; 215-545-4870

## DEFENDANTS

Clark Filter Inc

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981and 1985

Brief description of cause:
Plaintiff has experience racial discrimination during the course of her employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
01/03/2019

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 101 Cottage Ave Apt 2E Lancaster PA 17602 _____

Address of Defendant: _____ 1800 Herr Street, Harrisburg PA _____

Place of Accident, Incident or Transaction: _____ Various Locations in Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/03/2019 _____   *(signature)* _____   83362 _____
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gary Schakfopf _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: 01/03/2019 _____   *(signature)* _____   83362 _____
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Larsenyer Green | : | CIVIL ACTION |
| v. | : | |
| Clark Filter, Inc | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

| | | |
|---|---|---|
| 1-3-19 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 Ext 104 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

MATTHEW B. WEISBERG, ESQ.
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

GARY SCHAFKOPF, ESQ.
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARSENYER GREEN | : | Civil Action No.: |
| Plaintiff | : | |
| v. | : | **COMPLAINT** |
| | : | |
| CLARK FILTER, INC. | : | To remedy discrimination on basis of African American Race/skin color. |
| Defendant. | : | |
| | : | |
| | : | **Jury Trial Demanded** |

## NATURE OF ACTION

Plaintiff, Larsenyer Green, brings this lawsuit against Defendant, Clark Filter, to remedy racial discrimination on the part of Clark Filter. Clark Filter subjected Plaintiff to racial discrimination and a hostile and discriminatory work environment in violation of federal laws.

## PARTIES

1. Plaintiff, Larsenyer Green, is an adult individual, residing at 101 Cottage Avenue, Apartment 2E, Lancaster, PA 17602 .

2. At all times material hereto, Larsenyer Green, was employed by Defendant as a Team Leader and worked for Defendant for 13 years from 2005 until 2018.

3. Defendant, Clark Filters, located at 3649 Hempland Road, Lancaster, PA 17601. Clark Filter, Inc. manufactures filters for railroad, and marine and industrial. Clark Filter is a publicly traded corporation and operates as a subsidiary of CLARCOR, Inc. Upon information and belief, the majority of Defendant employees are white.

## JURISDICTION AND VENUE

4. Jurisdiction over the matter is conferred upon the Court by 28 U.S.C. § 1331 and 1332, as the cause of action arises under federal law.

5. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district, in Lancaster County, Pennsylvania.

## STATEMENT OF FACTS

6. The above paragraphs are incorporated herein by reference.

7. In a series of unlawful, deliberate and discriminatory acts, Defendant has created a racist environment for its employees.

8. Plaintiff was employed by Defendant from 2005 to the present.  Upon information and belief, at her time of hire, Plaintiff was the only African American full-time Team Leader Defendant had hired since 2005.

9. Management at Clark continuously treated Plaintiff in a discriminatory and racist manner.

10. From the time of her employment, Plaintiff had been called "Aunt Jemima" by her Supervisor, Ms. Harsh. Specifically, in or about October 2005, Ms. Harsh came close beside Plaintiff and made a discriminatory comment about Plaintiff by calling her, "Aunt Jemima" and walked away.

11. Ms. Harsh properly trained employees when they were promoted to team lead. However, Ms. Harsh refused to train Plaintiff.

12. For example, in or about July-August 2005, Mr. Kurchina, a plant manager asked Plaintiff if Ms. Harsh has trained her on how to read a spec sheet, Plaintiff said "no," and Mr. Kurchina replied "that's not like her".  In fact, for the first three (3) months since Plaintiff was promoted to Team Lead, under the supervision of Ms. Harsh, there was no communication or training from Ms. Harsh.

13. Plaintiff was subjected to a threatening and hostile work environment, because Ms. Harsh, refused to train Plaintiff on the key areas of her job, alienating Plaintiff and caused her much distress and an uncomfortable work environment.

14. In addition to failing to provide Plaintiff with proper training, Ms. Harsh ignored Plaintiff and barely acknowledged her.

15. When Plaintiff would remind Ms. Harsh that she has not been trained, Ms. Harsh responded with: "well you better come find me."  One co-worker, overheard and offered to show Plaintiff the Spec sheet.

16. Ms. Harsh was deliberately making it difficult for Plaintiff to do her job.  Ms. Harsh continuously perpetuated an intimidating and hostile work environment for Plaintiff.

17. In October 2005, Ms. Harsh snuck behind Plaintiff and stuck a piece of 29-inch trim in her ear.  Plaintiff didn't know what was going in her ear, so she screamed. Ms. Harsh

responded with, "Larsey we do not scream in the plant."  Plaintiff asks Ms. Harsh "why are you sticking trim in my ear?"; Ms. Harsh replied, "I didn't know you were going to scream."

18. Ms. Harsh continued her racial remarks, calling Plaintiff "Aunt Jemima" and continued to treat Plaintiff in a threatening and hostile manner.

19. In or around 2008, Plaintiff finally told Ms. Harsh, "You of all people, a Supervisor should not be calling me Aunt Jemima."  Ms. Harsh replied, "I was only Playing, Larsey."

20. In order to further harass and degrade Plaintiff, Ms. Harsh would state very loudly in front of other employees, "Larsey has a man handcuffed to her bed."  All of these statements caused substantial humiliation and embarrassment to Plaintiff.

21. Ms. Harsh continued to make Plaintiff feel extremely uncomfortable throughout years. She would constantly criticize and find fault with her work even when it had been done correctly.

22. Then on January 17, 2018, Ms. Harsh came behind Plaintiff and whispered in her ear "Aunt Jemima" while rubbing her right hand down her right arm.

23.  Plaintiff spoke to Human Resources about Ms. Harsh's egregious behavior in or about January 25, 2018 and also spoke with Mr. Smith, plant manager, about the various incidents described above and specifically mentioned.  Mr. Smith was very understanding about the situation and spoke to Ms. Harsh.

24. On or about January 25, 2018, Ms. Harsh approached Plaintiff and asked if she can speak to her in her office.  Ms. Harsh told Plaintiff, "Mr. Smith said that I insulted you and I have to fix it."  Plaintiff told Ms. Harsh, "When you say something like that to someone

they don't forget..."  At that point, Plaintiff was so distressed she walked out of work and did not return.

25. Due to Ms. Harsh's extreme egregious behavior toward Plaintiff, Plaintiff suffered through extreme mental and emotional distress and decided to take a leave of absence from work and see a Psychologist and start counseling.

26. In or around February 2018, Plaintiff returned to Clark as she needed to earn a living.

27. Since her return to work, Ms. Harsh had not improved her attitude towards Plaintiff and there is still minimal communication between them.

28. The actions of the Defendant were acts of discrimination, with no valid business purpose or justification.

29. Plaintiff was unfairly targeted and discriminated against solely based on the color of her skin.

30. The actions of the Defendant have caused and continue to cause Plaintiff to suffer substantial shame and embarrassment.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1981
### RACE BASED DISCRIMINATION

31. The above paragraphs are incorporated herein by reference.

32. Clark Filter evidenced a settled intent to discriminate against Plaintiff by interfering with Plaintiff's rights to the performance and enjoyment of her contract of employment

33. Clark Filter intentionally restricted the Plaintiff's contractual benefits based upon illicit discrimination.

34. The aforesaid conduct of Clark Filter was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

35. Because of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT II
## 2 U.S.C. Sec. 1985
## CIVIL RIGHTS CONSPIRACY

36. The foregoing paragraphs are incorporated herein by reference.

37. The foregoing conduct of Defendants violated Plaintiff's rights pursuant to 42 U.S.C. Sec.1985, which proscribes any agreement or conspiracy to violate Plaintiff's federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The actions of the Defendant, were designed to emotionally harm Plaintiff by causing her to subsist in an overwhelming, intimidating and hostile work environment.

39. The conduct Defendant was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against Defendant in an amount appropriate to punish Defendant and to deter Defendant and others from such conduct in the future.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

Respectfully Submitted,


BY: */s/Brian Mildenberg*
BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**


BY: */s/ Matthew Weisberg*                    BY:
MATTHEW B. WEISBERG, ESQ.          GARY SCHAFKOPF, ESQ.
WEISBERG LAW                                    SCHAFKOPF LAW, LLC
Attorney ID No. 85570                          Attorney ID No. 83362
7 South Morton Ave. 19070                   11 Bala Ave
Morton, PA                                          Bala Cynwyd, PA 19004
610-690-0801                                       610-664-5200 Ext 104
Fax: 610-690-0880                               Fax: 888-283-1334
**Attorney for Plaintiff**                        **Attorney for Plaintiff**