IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Larsenyer Green, | ) | |
| | ) | Allentown Division |
| Plaintiff, | ) | |
| | ) | Case No. 5:19-cv-00056 |
| v. | ) | |
| | ) | Chad F. Kenney |
| Clark Filter, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPPORT OF
DEFENDANT'S MOTION TO DISMISS IN PART**

Defendant Clark Filter, Inc. submits this memorandum of law in support of its Motion to Dismiss Plaintiff's claims for Civil Rights Conspiracy under 42 U.S.C. § 1985 (Count II) and for intentional infliction of emotional distress ("IIED") under Pennsylvania state law (Count III) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's Complaint sets forth a series of vague and conclusory allegations that fail to serve as a sufficient basis for any violation of § 1985 or for a Pennsylvania common law claim of IIED.  Further, Plaintiff's claim of IIED is preempted by the Pennsylvania Human Relations Act ("PHRA").

**I.       FACTUAL ALLEGATIONS**

Plaintiff was hired by Defendant in 2005 and continues to be employed by Defendant to the present. (Compl. ¶ 8).  The Complaint alleges that thirteen years ago, in October 2005, Plaintiff's supervisor, Ms. Harsh, approached Plaintiff, called her "Aunt Jemima," and walked away. (Compl. ¶ 10).  Plaintiff's Complaint further alleges that Ms. Harsh failed to train her "on how to read a spec sheet" in July or August of 2005.  (Compl. ¶ 12).  Additionally, Plaintiff's Complaint asserts that in October 2005, Ms. Harsh "snuck behind Plaintiff and stuck a piece of 29-inch trim in her ear." (Compl. ¶ 17).  Plaintiff does not allege to have reported any of the 2005 incidents to Defendant's human resources department.

The Complaint alleges that "[i]n or around 2008, Plaintiff finally told Ms. Harsh, 'you of all people, a Supervisor (sic) should not be calling me Aunt Jemima," and that Ms. Harsh told Plaintiff that she was "only playing." (Compl. ¶ 19). Plaintiff asserts that Ms. Harsh stated very loudly that Plaintiff "has a man handcuffed to her bed," though Plaintiff does not indicate when Ms. Harsh made such a statement. (Compl. ¶ 20). She does not allege to have reported either of these incidents to Defendant's human resources department.

Lastly, Plaintiff alleges that in January 2018, Ms. Harsh "came behind Plaintiff and whispered in her ear 'Aunt Jemima' while rubbing her hand down her right arm." (Compl. ¶ 22). Plaintiff for the first time asserts that she spoke to Human Resources and plant manager Mr. Smith about Ms. Harsh's behavior and that "Mr. Smith was very understanding about the situation and spoke to Ms. Harsh." (Compl. ¶ 23). She further alleges that immediately thereafter, Ms. Harsh stated to Plaintiff that Mr. Smith talked to her, told her she had insulted Plaintiff, and stated that she had to fix it. (Compl. ¶ 24).

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails "to state a claim upon which relief can be granted," it must be dismissed. Fed. R. Civ. P. 12(b)(6). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the claim must be "plausible on its face," requiring "factual content that allows

the court to draw the reasonable inference that a defendant is liable for the misconduct alleged . . . [raising] more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Third Circuit explained that to determine the sufficiency of a complaint under the standard set forth in *Iqbal* and *Twombly*, a district court must do the following:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of the truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). To survive a motion to dismiss, a complaint "must do more than allege the plaintiff's entitlement to relief" – it must "show" such entitlement through factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### III.     LEGAL ARGUMENT

As explained below, Counts II and III of Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted. Further, Count III of Plaintiff's Complaint is preempted by the PHRA.

### A.     Plaintiff's § 1985 Claim (Count II) Must Be Dismissed for Failure to State a Claim.

Plaintiff's § 1985 claim– titled "Civil Rights Conspiracy" –fails to plead facts sufficient to establish a claim. Indeed, Plaintiff does not state under which subsection of § 1985 she brings her claims. Nevertheless, Plaintiff's claim fails under any subsection of the statute.

Section 1985(1) prohibits conspiracies that are aimed at preventing an elected official or appointed official from discharging his or her duties by threat or force. Plaintiff's Complaint simply fails to allege any facts to support a claim under § 1985(1). There is no allegation that

3

Plaintiff holds an official position with the United States, any state, or any locality. Further, Plaintiff does not allege that Clark Filter has attempted to prevent any other official from performing his or her duties. Thus, any claim Plaintiff seeks to assert under § 1985(1) fails.

"Section 1985(2) prohibits conspiracies to obstruct justice through the use of force, intimidation, or threat and contains two categories of claims: the first clause prohibits conspiracies to interfere with the administration of justice in federal courts whereas the second clause forbids conspiracies to obstruct justice in state courts." *Martinez v. U.S.*, No. 17-3264, 2018 WL 5313181, at *4 (E.D. Pa. Oct. 26, 2018) (citing *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976)) (Schmehl, J.). As with § 1985(1), Plaintiff's Complaint fails to allege any facts to support a claim under § 1985(2)—Plaintiff does not aver that Clark Filter interfered with the administration of justice in either federal or state court. Accordingly, to the extent she seeks to bring a claim under § 1985(2), her claim fails.

Lastly, Plaintiff's claim fails under § 1985(3). "Section 1985(3) allows an action to be brought by one harmed by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Id.* at *4 (citing 42 U.S.C. § 1985(3)) (dismissing § 1985 claim for failure to state a claim). Importantly, the conspiracy must be composed of "two or more persons." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), the plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or 'class-based invidiously discriminatory animus' designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Martinez*, 2018 WL 5313181, at *4. Moreover, the plaintiff must allege "specific factual allegations of

combination, agreement, or understanding among all or between any defendants to plot, plan, or conspire to carry out the alleged chain of events." *Williams v. City of Allentown*, No. 17-04910, 2018 WL 3707382, at *10 (E.D. Pa. Aug. 3, 2018) (quoting *Germantown Cab Co v. Phila. Parking Auth.*, No. 14-4686, 2015 WL 4770722, at *10 (E.D. Pa. Aug. 12, 2015)) (Leeson, J.). The complaint must allege facts that demonstrate the "period of the conspiracy, object of the conspiracy, and certain other actions of the alleged conspirators to achieve the purpose." *Id.* (internal citation omitted).

Plaintiff's bare-bones assertions likewise fails under § 1985(3). See *Id.* (dismissing § 1985 claim where plaintiff failed "to allege any facts, whether particular or generalized, that plausibly allege any meeting of the minds between Defendants."). Plaintiff fails to plead any of the required elements of a § 1985(3) claim: that two or more actors were engaged in the conspiracy; that there was a discriminatory animus designed to deprive Plaintiff of equal protection of the laws; that a particular act was taken in furtherance of the conspiracy; or the period of the alleged conspiracy.

Here, Plaintiff fails to assert that any individual other than her supervisor, Ms. Harsh, acted toward her in a discriminatory manner. To the contrary, Plaintiff alleges that when she reported Ms. Harsh's behavior to the plant manager, Mr. Smith, he "was very understanding about the situation and spoke to Ms. Harsh." (Compl. ¶ 23). Plaintiff further alleges that Ms. Harsh told her Mr. Smith informed Ms. Harsh that she insulted Plaintiff and directed Ms. Harsh to fix the situation with Plaintiff. (Compl. ¶ 24). To the extent Plaintiff argues that Clark Filter and its managers were part of a conspiracy, such an argument does not satisfy her pleading obligations. Plaintiff must provide specifics about this alleged conspiracy, "[o]therwise, every employment decision made or approved by more than one member of a managerial staff would

automatically come within § 1985's conspiracy requirement." *Sundberg v. DiRocco*, No. 17-00063, 2017 WL 3394314, at *11 (M.D. Pa. Aug. 8, 2017); *see also Raimondi v. Wyoming Cty.*, No. 14-1918, 2015 WL 1729377, at *6 (M.D. Pa. Apr. 15, 2015) (dismissing § 1985 claim because plaintiff failed to allege two or more actors, a "central element in a section 1985 claim").

Clearly, Plaintiff has failed to allege the most fundamental elements of her § 1985 case. Her baseless allegations do not meet the pleading standards of *Iqbal* and *Twombly*, and thus the Court cannot permit her to maintain this unmeritorious claim. *See Abulkhair v. Google LLC*, 738 F. App'x 754, 757 (3d Cir. June 19, 2018) (upholding dismissal of § 1985(3) claim because it "contained only bald allegations that Appellees conspired to discriminate against him on the basis of his race"); *Cortazzo v. City of Reading*, No. 14-2513, 2015 WL 1380061, at *5 (E.D. Pa. Mar. 26, 2015) (dismissing § 1985 claim for not meeting *Iqbal* because the complaint did "not provide facts describing the specific conduct violative of plaintiff's rights") (Leeson, J.); *Morton v. Lancaster Cnty. Prison*, No. 13-1306, 2014 WL 3953175, at *9 (E.D. Pa. Aug. 11, 2014) (Section 1985 claim failed because allegations "without any supporting facts, are not enough to establish an 'agreement or understanding' among Defendants" and the plaintiff simply presumed that defendants conspired because she was terminated) (Slomsky, J.); *Jackson v. Phila. Housing Auth.*, No. 13-4872, 2014 WL 1096157, at *5 (E.D. Pa. Mar. 20, 2014) (dismissing § 1985 claim that simply stated defendants engaged in a conspiracy of unlawful discriminatory practices and did not allege any factual matter, because such "bare bones pleading" could not stand "if the dictates of *Twombly* and *Iqbal* are to mean anything") (Buckwalter, J.).

Accordingly, Plaintiff's § 1985 claim should be dismissed with prejudice.

### B. Plaintiff's Claim for Intentional Infliction of Emotional Distress (Count III) Must Be Dismissed as It Is Preempted by the Pennsylvania Human Relations Act.

In Count III, Plaintiff asserts a vague and unclear claim for "intentional infliction of emotional distress." (Compl. ¶¶ 38-39). She does not purport to bring this claim under any particular statute, and provides no specific allegations to support this claim. Her claim, which is presumably brought under Pennsylvania common law, fails as a matter of law because the PHRA is the "exclusive remedy under Pennsylvania law for workplace discrimination," and "the availability of a PHRA remedy precludes other common law remedies even where the statute is not invoked." *Mazuka v. Amazon.com*, 730 F. App'x 117, 119 (3d Cir. Apr. 12, 2018); *Nelson v. DeVry, Inc.*, No. 07-4436, 2008 WL 2845300, at *2 (E.D. Pa. July 22, 2008) ("the PHRA provides the statutory remedy for common law claims that are factually dependent on a discrimination claim") (McLaughlin, J.).

The factual allegations asserted by Plaintiff to support her claim for IIED are the same factual allegations that underlie her claim of racial discrimination, asserted in Count I of her Complaint. (Compl. ¶¶ 8-30). Her IIED claim is neither procedurally nor functionally independent from Plaintiff's claim of race discrimination. Since Plaintiff invokes – or attempts to invoke, *see infra* – the PHRA, her claim for IIED is preempted and should be dismissed. See *Mazuka*, 730 F. App'x at 120 (court dismisses as preempted by the PHRA a disability discrimination claim mislabeled as a claim for fraudulent misrepresentation).

Even if Plaintiff's claim for IIED were not preempted by the PHRA, she has not alleged facts sufficient to support such a claim. In order to state a claim for IIED under Pennsylvania law, a plaintiff "must establish the following four elements: (1) the conduct of the defendant must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) the conduct

must cause emotional distress; and (4) the distress must be severe." *Williams v. U.S. Airways, Inc.*, No. 06-4797, 2007 WL 2667981, at *2, (E.D. Pa. Sept. 5, 2007) (Kauffman, J.). Further, this Court has found that the alleged conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id*. quoting *Rowlands v. Roman Catholic Dioceses of Pittsburgh*, No. 05CV1025, 2005 WL 3234324, at *2 (W.D. Pa. Nov. 30, 2005).

Plaintiff's assertions, even if accepted as true, fall far short of the level of atrocity necessary for her to prevail on a claim of IIED. Here, Plaintiff alleges an incident of name-calling thirteen years ago, in October 2005, and stated that around that same time, Ms. Harsh stuck a "piece of trim" in her ear. (Comp. ¶¶ 10, 17). Further, Plaintiff alleges that Ms. Harsh loudly exclaimed that Plaintiff has a man handcuffed to her bed, though she does not indicate when this statement allegedly occurred. These incidents allegedly occurred over a decade ago and Plaintiff does not allege to have reported any of these incidents to human resources or to Ms. Harsh's supervisor.

Plaintiff alleges that she reported Ms. Harsh to human resources and to Mr. Smith, Ms. Harsh's supervisor, for the first and only time in January 2018 after Ms. Harsh allegedly called Plaintiff "Aunt Jemima" and rubbed her arm. (Comp. ¶22-24). Plaintiff admits that Mr. Smith promptly reprimanded with Ms. Harsh and told her to fix the situation. (Compl. ¶¶ 23-24). Plaintiff's allegations, one instance of name calling within the past ten years, lack the extremity and outrageousness required of a cognizable claim of IIED. Accordingly, Defendant requests that Plaintiff's IIED claim be dismissed with prejudice.

**IV.**

**CONCLUSION**

For the foregoing reasons, Defendant Clark Filter, Inc. respectfully requests that this Court dismiss with prejudice: Count II for Civil Rights Conspiracy under 42 U.S.C. § 1985 and Count III for Intentional Infliction of Emotional Distress of Plaintiff's Complaint.  Defendant has provided a proposed order for the Court's consideration.

                                   Respectfully submitted,

                                   **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Date: February 13, 2019                s/ *Clark Whitney*
                                                        Clark Whitney
                                                        1735 Market Street, Suite 3000
                                                        Philadelphia, PA 19103
                                                        Tel: 215-995-2800
                                                        Fax: 215-995-2801
                                                        clark.whitney@ogletree.com

                                                        Attorneys for Defendant Clark Filter, Inc.